IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| JANET L. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | Civil Action No. 2:14-03433 |
| ) | |
| EASTMAN CHEMICAL ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 22, 2014, Plaintiff, acting *pro se*, filed a Complaint claiming Defendants violated "the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901, *et seq.* ("RCRA"); the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. §§ 9601, *et seq.* ("CERCLA"); Superfund Amendment and Reauthorization Act of 1986 Pub. L. No. 99-499 (Codified as amended in scattered sections of the United States Code) ("SARA"); the Emergency Planning Community Right to Know Act, 42 U.S.C. §§ 11001, *et seq.*; the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.* ("CWA"); The Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j ("SDWA"); Toxic Substance Control Act, 15 U.S.C. §§ 2601-2692 ("TSCA"); Rivers and Harbors Act of 1899, 33 U.S.C. §§ 401, *et seq.*; and the Clean Air Act, 42 U.S.C. §§ 7401, *et seq.* ("CAA")." (Document No. 2, p. 5.) As Defendants, Plaintiff named the following: (1) Eastman Chemical Company; (2) Freedom Industries, LLC; (3) West Virginia American Water Company; and (4) Gary Southern. (Id., pp. 4 - 5.) Plaintiff requested injunctive and monetary relief. (Id., pp. 17 - 18.)

By Order entered on March 19, 2014, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees, directed the Clerk to issue Summonses upon Defendants, and

directed Plaintiff to serve the Summonses and Complaint upon Defendants. (Document No. 6.) A review of the Docket Sheet in the instant case reflected that service had not been effectuated upon Defendants. By Order entered on September 21, 2015, the undersigned directed that Plaintiff "notify the Court of any good cause that prevented the effectuation of service within the 120-day period." (Document No. 10.) On October 13, 2015, Plaintiff filed her "Answer to Order." (Document No. 11.) Specifically, Plaintiff states her "good cause" as follows:

> I have been watching the various actors and researching the various factors. The Water Companies withdrawal of its 2004 examination/search for Freedom assets. The trustee investigators report that no creditor representatives attempting to find assets for clients. No one addressing the Leycon fraud. The lack of action/contact from prosecutor's office. A preference not being filed regarding distributions to insiders within 90 days to 1 year. Limited response from attorneys regarding veil piercing and access to water that was stored from AW/Freedom before the "do not use." . . . After my two recent experiences with Circuit Courts, no person understanding the definition of "OR" and one unable to hear the respondent states that she "was not ready" for a hearing. All of these/this appearing as corruption/conniving in the court systems makes me wonder "can anyone truly receive justice that is not a 'player.'" The above is my "good cause." I also thought that I would utilize the full two year deadline of January 9, 2016, to continue to see "how far the game would play."

(Id.)

## ANALYSIS

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant" unless a plaintiff can demonstrate good cause for the failure. Fed.R.Civ.P. 4(m). "To establish good cause, the plaintiff generally must exercise reasonable diligence in trying to effect service." Miller v. Tucker, 2014 WL 989204, * 2 (S.D.W.Va. March 13, 2014), citing Martinez v. United states, 2013 WL 6858860, * 2 (D.Md. Dec. 26, 2013). Good cause often exists where there is interference of some

outside factor, other than inadvertence or negligence, that prevented service. Clyburn v. Champagne, 2012 WL 4478971, * 5 (D.S.C. Sept. 28, 2012)("Courts typically find good cause to extend the Rule 4(m) time limit where external factors stifle a plaintiff's due diligence in effecting service."); Bagby v. Prince George's County, 2012 WL 3867329, * 3 (D.Md. Sept. 5, 2012)("Court have not found good cause in situations where counsel's inadvertence, neglect or lack of diligence caused the 120 day time period within which to effect service to lapse.") Some examples of the existence of good cause include "where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where a plaintiff was unaware of the defect in service until after the deadline expired." Martinez, 2013 WL 6858860 at 2.

     Even in the absence of good cause, this Court has determined that it has discretion to enlarge the 120 day period for service in view of the Advisory Committee Note to the 1993 amendment of Rule 4. See Morgan v. Sebelius, 2010 WL 1404100, * 2 (S.D.W.Va. March 31, 2010)(J. Chambers), citing Henderson v. United States, 517 U.S. 654, 658, 116 S.Ct. 1638, 1641, 134 L.Ed.2d 880 (1996)("This Court FINDS that it has the discretion to extend the 120-day window for service even if a plaintiff fails to show good cause for the delay); also see Miller v. Tucker, 2014 WL 989204, * 2 (S.D.W.Va. March 13, 2014)(J. Johnston); Wallace v. Community Radiology, 2011 WL 4596694, * 3 (S.D.W.Va. Sept. 30, 2011)(J. Faber). A discretionary enlargement of the 120-day period may be justified in circumstances where the statute of limitations would bar the refiling of the action, the defendant is evading service, or the defendant conceals a defect in an attempted service. Wallace, 2011 WL 4596694 at 5, citing Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendment; also see AST Products, Inc. v. Medkote, LLC, 2013 WL 2368071 (S.D.W.Va. May

29, 2013)(J. Chambers).

Based upon a review of Plaintiff's "Answer to Order," the undersigned finds that Plaintiff has failed to present good cause or other circumstances justifying the discretionary extension of the 120-day time period for effecting service. Plaintiff's Answer is convoluted and difficult to understand. Plaintiff appears to indicate that she has intentionally delayed service upon Defendants in an effort to reach a settlement, to proceed with actions in State Court, and due to bankruptcy proceedings involving one of the Defendants. None of the foregoing, however, indicates any outside factor that has prevented Plaintiff from effecting service upon Defendants. Further, there is no indication that Plaintiff has exercised reasonable diligence in trying to effect service upon Defendants. Although Plaintiff filed this action approximately one year and nine months ago, she has failed to effectuate service upon any of the Defendants. The undersigned, therefore, finds that Plaintiff has failed to present good cause or other circumstances justifying a discretionary extension of the 120-day time period for effecting service. Accordingly, the undersigned respectfully recommends that the District Court dismiss the foregoing action without prejudice based upon Plaintiff's failure to timely effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

**FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copehaver and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 15, 2015.

R. Clarke VanDervort
United States Magistrate Judge